UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT A. LEE, JR. and LEE PLAZA
LLC, individually

    Plaintiffs,

v.                                      Case No:  2:18-cv-648-FtM-99MRM

AMERICAN EQUITY INVESTMENT
LIFE INSURANCE COMPANY,
MOORING FINANCIAL
CORPORATION and MOORING
CAPITAL FUND, LLC,

    Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on *sua sponte* review of Plaintiffs Robert A. Lee, Jr. and Lee Plaza, LLC's Amended Complaint. (Doc. 19). On July 25, 2018, Plaintiffs filed suit against Defendants American Equity Investment Life Insurance Company ("American Equity"), Mooring Financial Corporation ("Mooring Financial"), and Mooring Capital Fund, LLC ("Mooring Capital"), in the Southern District of New York for unjust enrichment, breach of contract, fraud, misrepresentation, and noncompliance with secured transaction laws under New York common law, citing diversity jurisdiction. (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

3). Two months later, the Southern District of New York transferred the case to this District due to improper venue. (Doc. 21). Now, upon review, the Court is unable to determine whether it has diversity jurisdiction over this action because Plaintiffs inadequately pled Defendants' citizenship.

Because federal courts are courts of limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In an action filed directly in federal court, the plaintiff must plead and prove jurisdiction. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). Federal courts have diversity jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The diversity of citizenship prong is problematic here.

**A. Citizenship of Defendants American Equity and Mooring Financial**

The Court first takes issue as to the citizenship of Defendant corporations, American Equity and Mooring Financial. A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 (2010); *see also* 28 U.S.C. § 1332(c)(1). "Thus, to sufficiently allege the citizenship of a corporation, a party must identify its states of incorporation and principal place of business." *Asphalt Paving Sys., Inc. v. S. States Pavement Markings, Inc.*, No. 3:18-CV-255-J-34JBT, 2018 WL 3067906, at *1 (M.D. Fla. Feb. 20, 2018) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004); 28 U.S.C. § 1332(c)(1)).

In the Amended Complaint, Plaintiffs allege:

- Upon information and belief, Defendant American Equity Investment Insurance Company is an Iowa corporation with a mailing address of P.O. Box 71216, Des Moines, Iowa 50325, and with a registered agent located at 6000 Westown Parkway, Des Moines, Iowa, 50266.

- Upon information and belief, Defendant Mooring Financial Corporation is a Delaware Corporation with its principal office located at 8609 Westwood Center Drive, Suite 450, Vienna, Virginia 22182, and with a registered agent located at 251 Little Falls Drive, Wilmington, Delaware 19808.

(Doc. 19 at ¶¶ 6-7). Here, Plaintiffs identify American Equity and Mooring Financial's states of incorporation but fail to identify their principal places of business.

"Principal place of business is a term of art with a defined legal meaning for jurisdictional purposes." *Wylie v. Red Bull North America, Inc.*, 627 F. App'x 755, 757 (11th Cir. 2015) (internal quotations omitted). The principal place of business is determined by the "nerve center" test. *Hertz Corp.*, 559 U.S. at 93. The "nerve center" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. Generally, this means it is "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordinate, *i.e.*, the nerve center, and not simply where the corporation holds its board meetings[.]" *Id.* (internal quotations omitted). Turning to this action, the Amended Complaint does not, on its face, allege the principal place of business of either American Equity or Mooring Financial. At best, Plaintiffs allege Mooring Financial's "principal office" is located in Virginia. But "[t]hat alone is insufficient under *Hertz*." *Wylie*, 627 F. App'x 755 (finding evidence showing defendant had its "Principal Office Address" in California insufficient to establish defendant's principal place of business under the *Hertz* "nerve center" test). Lacking proper allegations of citizenship

as to American Equity and Mooring Financial, the Court turns to the sufficiency of Plaintiffs' allegations as to Mooring Capital.

**B. Citizenship of Defendant Mooring Capital**

The Court next must determine whether Plaintiffs have properly alleged the citizenship of Mooring Capital, a limited liability company ("LLC"). An LLC is a citizen of every state in which one of its members is domiciled. See *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Each member of the LLC must be diverse from the opposing party. See *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Plaintiffs allege Mooring Capital's sole member is Mooring Fund Manager, LLC. (Doc. 19 at ¶ 8). The Court takes issue with the pleading of Mooring Fund Manager, LLC. The issue is that Plaintiffs do not plead the members of that LLC, but rather, state Mooring Fund Manager, LLC is "a Delaware Limited Liability Company with its principal office located at 8609 Westwood Center Drive, Vienna, Virginia 22182." (*Id.*). This allegation falls short of telling the Court the domicile of Mooring Fund Manager, LLC's individual member(s). Based on all the above, the Court will afford Plaintiffs an opportunity to establish this Court's diversity jurisdiction over the instant action.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs Robert A. Lee and Lee Plaza, LLC's Amended Complaint (Doc. 19) is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiffs may file a second amended complaint **on or before February 12, 2019**. Failure to do so will result in the Court dismissing this case without further notice.

2. Defendant American Equity Investment Life Insurance Company's Motion to Dismiss Counts Three, Five, Six, and Seven of the Amended Complaint ([Doc. 61](Doc. 61)) and Defendants Mooring Financial Corporation and Mooring Capital Fund, LLC's Motion to Dismiss Amended Complaint ([Doc. 62](Doc. 62)) are **DENIED**, without prejudice, as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of February, 2019.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record